Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: November 17th, 2017**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT PARKERSBURG

| | |
|---|---|
| IN RE: | CASE NO. 6:17-bk-60106 |
| JASON WADE DOTSON, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |

## MEMORANDUM OPINION AND ORDER APPROVING DEBTOR'S REAFFIRMATION AGREEMENT WITH WV CENTRAL CREDIT UNION

On November 2, 2017, the Court held a hearing on Debtor Jason Wade Dotson's Reaffirmation Agreement with WV Central Credit Union [Dckt. 16]. At that time, the Court expressed its inclination to approve Mr. Dotson's reaffirmation agreement, contingent upon his knowledge of the consequences of reaffirming the debt and voluntarily deciding to reaffirm.

Pursuant to 11 U.S.C. § 524(c), a reaffirmed debt becomes a personal legal obligation of the debtor that survives bankruptcy. It is not discharged with the bankruptcy case. A debtor's obligation to pay the reaffirmed debt thus continues after dismissal or discharge. If a debtor defaults on a reaffirmed debt, the creditor may begin foreclosure proceedings. If the creditor repossesses and sells the collateral and a deficiency remains, the debtor is liable for that balance. A deficiency balance, like a reaffirmed debt, is nondischargable in bankruptcy and remains the debtor's obligation following the dismissal or discharge. A debtor may rescind a reaffirmation agreement, by giving notice of rescission to the creditor, either before discharge in bankruptcy or

before expiration of the 60-day period following the date the agreement was filed with the Court, whichever occurs later.

It is, accordingly, **ORDERED** that the Reaffirmation Agreement between Mr. Dotson and WV Central Credit Union be, and hereby is, **APPROVED** [Dckt. 16].